**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW GOLDSMITH, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>WEIBO CORPORATION, GAOFEI WANG, and HERMAN YU,<br><br>      Defendants. | **Case No.**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Andrew Goldsmith ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the defendants' public documents, conference calls and announcements made by defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Weibo Corporation ("Weibo" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary

1

support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of Weibo between April 27, 2017 and June 22, 2017, both dates inclusive (the "Class Period"). Plaintiff seeks to recover compensable damages caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

## JURISDICTION AND VENUE

2.      The claims asserted herein arise under and pursuant to §§10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b) and §78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5).

3.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and §27 of the Exchange Act.

4.      Venue is proper in this District pursuant to §27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as a significant portion of the Defendants' actions, and the subsequent damages, took place within this District.

5.      In connection with the acts, conduct and other wrongs alleged in this Complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mail, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6.     Plaintiff, as set forth in the accompanying Certification, purchased Weibo securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosure.

7.     Defendant Weibo operates as a social media platform for people to create, distribute, and discover Chinese-language content. The Company is incorporated in the Cayman Islands and its principal executive offices are located at  8/F, QIHAO Plaza, No. 8 Xinyuan S. Road, Chaoyang District, Beijing 100027, People's Republic of China. Weibo's securities are traded on the NASDAQ Global Select Market ("NASDAQ") under the ticker symbol "WB."

8.     Defendant Gaofei Wang ("Wang") has been the Chief Executive Officer ("CEO") of Weibo since February 2014.

9.     Defendant Herman Yu ("Yu") has been the Chief Financial Officer ("CFO") of Weibo since March 2015.

10.     Defendants Wang and Yu are sometimes referred to herein as the "Individual Defendants."

11.     Each of the Individual Defendants:

(a)     directly participated in the management of the Company;

(b)     was directly involved in the day-to-day operations of the Company at the highest levels;

(c)     was privy to confidential proprietary information concerning the Company and its business and operations;

(d)     was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

3

(e)    was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

(f)    was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

(g)    approved or ratified these statements in violation of the federal securities laws.

12.    The Company is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13.    The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

14.    The Company and the Individual Defendants are referred to herein, collectively, as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Materially False and Misleading Statements

15.    On April 27, 2017, the Company filed a Form 20-F for the fiscal year ended December 31, 2016 (the "2016 20-F") with the SEC, which provided the Company's year-end financial results and position and stated that the Company's internal control over financial reporting and disclosure controls and procedures were effective as of December 31, 2016. The 2016 20-F was signed by Defendant Wang. The 2016 20-F also contained signed certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") by Defendants Wang and Yu attesting to the accuracy of financial reporting, the disclosure of any material changes to the Company's internal controls over financial reporting, and the disclosure of all fraud.

4

16.     The 2016 20-F stated that Weibo has "taken measures to delete or remove links to content that, to our knowledge, contains information that violates PRC laws and regulations," stating in pertinent part:

### Regulations on Information Security

Internet content in China is also regulated and restricted from a state security point of view. The Decision Regarding the Safeguarding of Internet Security, enacted by the Standing Committee of the National People's Congress and amended in 2009, makes it unlawful to: (i) gain improper entry into a computer or system of strategic importance; (ii) disseminate politically disruptive information; (iii) leak state secrets; (iv) spread false commercial information; or (v) infringe intellectual property rights.

The Administrative Measures for the Security Protection of International Connections to Computer Information Network, promulgated by the Ministry of Public Security in 1997 and amended in 2011, prohibit the use of the internet in ways that, among other things, result in a leakage of state secrets or the distribution of socially destabilizing content. Socially destabilizing content includes any content that incites defiance or violations of PRC laws or regulations or subversion of the PRC government or its political system, spreads socially disruptive rumors or involves cult activities, superstition, obscenities, pornography, gambling or violence. State secrets are defined broadly to include information concerning PRC's national defense affairs, state affairs and other matters as determined by the PRC authorities.

The Provisions on Technological Measures for Internet Security Protection, promulgated by the Ministry of Public Security in 2005, require all internet content provision operators to keep records of certain information about their users (including user registration information, log-in and log-out times, IP addresses, content and time of posts by users) for at least 60 days and submit the above information as required by laws and regulations. Internet content provision operators must regularly update information security systems for their websites with local public security authorities, and must also report any instances of public dissemination of prohibited content. If an internet content provision operator violates these measures, the PRC government may revoke its Internet Content Provision License and shut down its websites.

\*       \*       \*

Because Weimeng is an internet content provision operator, we are subject to laws and regulations relating to information security. To comply with these laws and regulations, **Weimeng has completed the mandatory security filing procedures with local public security authorities. We regularly update our**

**information security and content-filtering systems based on any newly issued content restrictions, and maintain records of user information as required by relevant laws and regulations. We have also taken measures to delete or remove links to content that, to our knowledge, contains information that violates PRC laws and regulations.**

[Emphasis added].

17.     The statements referenced in ¶¶ 15 - 16 above were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operational and financial results, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that:  (1) Weibo lacks a requisite internet audio/video program transmission license; (2) Weibo was posting certain commentary programs with content in violation of Chinese government regulations on its site; and (3) as a result, Defendants' public statements were materially false and misleading at all relevant times.

**The Truth Emerges**

18.     On June 22, 2017, *The Wall Street Journal* published an article entitled "China Bans Political Content From Three More Platforms," stating that The State Administration of Press, Publication, Radio, Film and Television of the People's Republic of China ordered Weibo to stop streaming political videos that were not in line with government regulations, stating in pertinent part:

**China Bans Political Content From Three More Platforms**

The websites of Weibo, Phoenix New Media, and ACFUN had streamed political videos deemed to be not in line with government regulations

*By Liza Lin in Shanghai and Alyssa Abkowitz in Beijing*
June 22, 2017 9:09 a.m. ET

Chinese regulators on Thursday ordered three popular internet platforms to stop streaming political videos, expanding the crackdown on online political dialogue as China prepares for an important political handover.

The websites of Weibo Corp. , Phoenix New Media Ltd , and ACFUN had streamed political videos that were not in line with government regulations, and also promoted talk shows that contained negative viewpoints, the State Administration of Press Publication, Radio, Film and Television of the People's Republic of China said in an online statement.

[Emphasis added].

19.     On June 22, 2017, Weibo issued a press release entitled "Weibo Announces Receipt of a SAPPRFT Notice," stating in pertinent part:

**Weibo Announces Receipt of a SAPPRFT Notice**

NEWS PROVIDED BY
**Weibo Corporation**
22 Jun, 2017, 09:40 ET

BEIJING, June 22, 2017 /PRNewswire/ -- Weibo Corporation ("Weibo" or the "Company") (NASDAQ: WB), a leading social media in China, today announced that it became aware of a public notice issued by The State Administration of Press, Publication, Radio, Film and Television of the People's Republic of China (the "SAPPRFT"), stating that the SAPPRFT had recently requested the local competent authorities to take measures to suspend several companies' video and audio services due to their lacking of an internet audio/video program transmission license and posting of certain commentary programs with content in violation of government regulations on their sites, and Weibo is named as one of these companies.

The Company is communicating with the relevant government authorities to understand the scope of the notice. It intends to fully cooperate with the relevant authorities. The Company will also evaluate the impact of this notice on its operations and its administrative options.

20.     On this news, shares of Weibo fell $4.71 per share or over 6% from its previous closing price to close at $72.25 per share on June 22, 2017, damaging investors.

21.    As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Weibo securities publicly traded on the NASDAQ during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures. Excluded from the Class are Defendants herein, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

23.    The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Weibo securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by the Company or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

24.    Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

25.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

26.     Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;
- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the financial condition, business, operations, and management of the Company;
- whether Defendants' public statements to the investing public during the Class Period omitted material facts necessary to make the statements made, in light of the circumstances under which they were made, not misleading;
- whether the Individual Defendants caused the Company to issue false and misleading SEC filings and public statements during the Class Period;
- whether Defendants acted knowingly or recklessly in issuing false and misleading SEC filings and public statements during the Class Period;
- whether the prices of Weibo securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and
- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

27.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually

redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

28.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

•       Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

•       the omissions and misrepresentations were material;

•       Weibo securities are traded in efficient markets;

•       the Company's securities were liquid and traded with moderate to heavy volume during the Class Period;

•       the Company traded on the NASDAQ, and was covered by multiple analysts;

•       the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

•       Plaintiff and members of the Class purchased and/or sold Weibo securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

29.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

30.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### Violation of Section 10(b) of The Exchange Act and Rule 10b-5
### Against All Defendants

31.     Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

32.     This Count is asserted against the Company and the Individual Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

33.      During the Class Period, the Company and the Individual Defendants, individually and in concert, directly or indirectly, disseminated or approved the false statements specified above, which they knew or deliberately disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

34.     The Company and the Individual Defendants violated §10(b) of the 1934 Act and Rule 10b-5 in that they:

- employed devices, schemes and artifices to defraud;
- made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
- engaged in acts, practices and a course of business that operated as a fraud or deceit upon plaintiff and others similarly situated in connection with their purchases of Weibo securities during the Class Period.

35.     The Company and the Individual Defendants acted with scienter in that they knew that the public documents and statements issued or disseminated in the name of the Company were materially false and misleading; knew that such statements or documents would be issued

or disseminated to the investing public; and knowingly and substantially participated, or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the securities laws. These defendants by virtue of their receipt of information reflecting the true facts of the Company, their control over, and/or receipt and/or modification of the Company's allegedly materially misleading statements, and/or their associations with the Company which made them privy to confidential proprietary information concerning the Company, participated in the fraudulent scheme alleged herein.

36.    Individual Defendants, who are the senior officers and/or directors of the Company, had actual knowledge of the material omissions and/or the falsity of the material statements set forth above, and intended to deceive Plaintiff and the other members of the Class, or, in the alternative, acted with reckless disregard for the truth when they failed to ascertain and disclose the true facts in the statements made by them or other personnel of the Company to members of the investing public, including Plaintiff and the Class.

37.    As a result of the foregoing, the market price of Weibo securities was artificially inflated during the Class Period. In ignorance of the falsity of the Company's and the Individual Defendants' statements, Plaintiff and the other members of the Class relied on the statements described above and/or the integrity of the market price of Weibo securities during the Class Period in purchasing Weibo securities at prices that were artificially inflated as a result of the Company's and the Individual Defendants' false and misleading statements.

38.    Had Plaintiff and the other members of the Class been aware that the market price of Weibo securities had been artificially and falsely inflated by the Company's and the Individual Defendants' misleading statements and by the material adverse information which the

Company's and the Individual Defendants did not disclose, they would not have purchased Weibo securities at the artificially inflated prices that they did, or at all.

39.    As a result of the wrongful conduct alleged herein, Plaintiff and other members of the Class have suffered damages in an amount to be established at trial.

40.    By reason of the foregoing, the Company and the Individual Defendants have violated Section 10(b) of the 1934 Act and Rule 10b-5 promulgated thereunder and are liable to the Plaintiff and the other members of the Class for substantial damages which they suffered in connection with their purchases of Weibo securities during the Class Period.

**COUNT II**

**Violation of Section 20(a) of The Exchange Act**
**Against The Individual Defendants**

41.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

42.    During the Class Period, the Individual Defendants participated in the operation and management of the Company, and conducted and participated, directly and indirectly, in the conduct of the Company's business affairs. Because of their senior positions, they knew the adverse non-public information regarding the Company's business practices.

43.    As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to the Company's financial condition and results of operations, and to correct promptly any public statements issued by the Company which had become materially false or misleading.

44.    Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which the Company disseminated in the marketplace during the Class

13

Period. Throughout the Class Period, the Individual Defendants exercised their power and authority to cause the Company to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of the Company within the meaning of Section 20(a) of the Exchange Act. In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Weibo securities.

45.     Each of the Individual Defendants, therefore, acted as a controlling person of the Company. By reason of their senior management positions and/or being directors of the Company, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, the Company to engage in the unlawful acts and conduct complained of herein. Each of the Individual Defendants exercised control over the general operations of the Company and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

46.     By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by the Company.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A.     Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B.     Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C.      Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D.      Awarding such other and further relief as this Court may deem just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: June 27, 2017                    Respectfully submitted,

                                        **THE ROSEN LAW FIRM, P.A.**

                                        By: /s/ Laurence M. Rosen
                                        Laurence M. Rosen
                                        609 W. South Orange Avenue, Suite 2P
                                        South Orange, NJ 07079
                                        Tel: (973) 313-1887
                                        Fax: (973) 833-0399
                                        Email: lrosen@rosenlegal.com

                                        Counsel for Plaintiff

15